UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO: 98-207** |
| **JERNARD LEWIS** | **SECTION "H"** |

### ORDER

Before the Court is Defendant Jernard Lewis's *pro se* Motion for Reconsideration of Sentence Reduction (Doc. 1588). On May 5, 2021, this Court reduced Defendant's term of imprisonment from life to 360 months pursuant to Section 404 of the First Step Act of 2018. Defendant is currently in custody at a Residential Reentry Center and is scheduled to be released from confinement on October 24, 2023. On May 22, 2023, Defendant filed this Motion asking this Court to grant further reduction of his sentence by six months. In support of his Motion, Defendant points to medical concerns of his fiancé and her need for open heart surgery. He contends that release from confinement would allow him to care for her and work to help pay bills. The Government opposes Defendant's request.

Defendant's Motion does not raise any error committed in this Court's order reducing his sentence such that reconsideration would be warranted. Instead, Defendant's Motion is more properly construed as a request for compassionate release. Section 3582(c), as amended by the First Step Act, states in relevant part that:

> The court may not modify a term of imprisonment once it has been imposed except that—(1) in any case—(A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
>> (i) extraordinary and compelling reasons warrant such a reduction; . . .
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

The statute does not define "extraordinary and compelling reasons." Rather, the Sentencing Commission was directed by Congress to promulgate policy statements describing what should be considered an extraordinary or compelling reason for sentence modification. The Sentencing Commission's policy statement sets forth factors based on a Defendant's health, age, or family circumstance.[1] The policy statement states that, provided a defendant is not a danger to the community, extraordinary and compelling reasons exist under the following circumstances:

> (A) Medical Condition of the Defendant.—
>
> (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

---

[1] U.S.S.G. 1B1.13.

> (ii) The defendant is—
>
> (I) suffering from a serious physical or medical condition,
>
> (II) suffering from a serious functional or cognitive impairment, or
>
> (III) experiencing deteriorating physical or mental health because of the aging process,
>
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>
> (B) Age of the Defendant.--The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.
>
> (C) Family Circumstances.—
>
> (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.
>
> (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
>
> (D) Other Reasons.--As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).[2]

However, the Fifth Circuit has held that "neither the [Sentencing Commission's] policy statement nor the commentary to it binds a district court addressing a prisoner's own motion under § 3582."[3] Accordingly, this Court is

---

[2] U.S.S.G. 1B1.13.

[3] United States v. Shkambi, 993 F.3d 388, 393 (5th Cir. 2021). *See e.g.,* United States v. McGee, 992 F.3d 1035, 1050 (10th Cir. 2021) ("[T]he Sentencing Commission's existing policy statement is applicable only to motions for sentence reductions filed by the Director of the BOP, and not to motions filed directly by defendants."); United States v. McCoy, 981 F.3d 271, 281 (4th Cir. 2020) ("By its plain terms, in short, § 1B1.13 does not apply to defendant-filed motions under § 3582(c)(1)(A)"); United States v. Brooker, 976 F.3d 228, 237 (2d Cir.

not constrained by the Commission's policy statement in considering whether Defendant has presented an extraordinary and compelling reason for modification of his sentence. It is "bound only by § 3582(c)(1)(A)(i) and, as always, the sentencing factors in § 3553(a)."[4]

That said, Defendant has failed to show that he has fully satisfied the administrative exhaustion requirements of § 3582(c)(1)(A). The Fifth Circuit has held that it is a mandatory requirement of compassionate release that a defendant first make a request to the Bureau of Prisons and fully exhaust the administrative requirements.[5] This Court therefore cannot consider Defendant's request for release until those requirements are satisfied. Even so, the Court notes that Defendant's Motion reveals that he has already obtained employment while housed at the Residential Reentry Center and that he has been permitted to accompany his fiancé to the hospital and surgery. Accordingly, this Court is not convinced that extraordinary and compelling reasons exist for Defendant's release.

Accordingly;

**IT IS ORDERED** that the Motion is **DENIED** without prejudice to the right to be re-urged after the administrative exhaustion requirements of § 3582(c)(1)(A) have been satisfied.

---

2020) ("[T]he First Step Act freed district courts to consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release. Neither Application Note 1(D), nor anything else in the now-outdated version of Guideline § 1B1.13, limits the district court's discretion.").

[4] *Shkambi*, 993 F.3d at 393.
[5] United States v. Franco, 973 F.3d 465, 468 (5th Cir. 2020) ("It is a paradigmatic mandatory claim-processing rule. And because the government properly raised the rule in the district court, this 'court must enforce the rule.'").

New Orleans, Louisiana this 7th day of August, 2023.

_____
**JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE**